FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 13   PM 4: 30

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FOREST OIL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04- |
| | ) | |
| versus | ) | SECTION:  04-0435 |
| | ) | |
| ACE INDEMNITY INSURANCE CO., | ) | JUDGE:  SECT. E MAG. 3 |
| COASTAL PRODUCTION SERVICES | ) | |
| OF ROCKPORT TEXAS, INC., and | ) | MAGISTRATE: |
| GEMINI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

NOW INTO COURT, through undersigned counsel, comes FOREST OIL CORP., and hereby complains and alleges as follows:

### I. THE PARTIES

1.     Forest Oil Corporation, plaintiff herein, is a corporation organized and existing under the laws of the state of New York, with its principal place of business in New York, transacting business in the state of Louisiana.

2.     Ace Indemnity Insurance Company, defendant herein, is a foreign insurance company organized and existing under the laws of the state of Pennsylvania, with its principal place of business in Pennsylvania, and transacting business in the state of Louisiana.

-1-

Fee 150.
Process 35 m CC
X Dktd CC
CtRmDep
Doc. No.

3.    Coastal Production Services of Rockport, Texas, Inc., defendant herein, is a corporation organized and existing under the laws of the state of Texas, with its principal place of business in Texas, and transacting business within the state of Louisiana.

4.    Gemini Insurance Company, defendant herein, is a foreign insurance company organized and existing under the laws of the state of Delaware, with its principal place of business in Delaware, and transacting business in the state of Louisiana.

## II.  JURISDICTION

5.    This Court has jurisdiction over this dispute by virtue of Title 28 United States Code section 1332 in that there exists complete diversity of citizenship between plaintiff and each defendant, and the amount in controversy exceeds $75,000.00.

## III.  VENUE

6.    Venue is proper in the Eastern District of Louisiana because the accident at issue that gives rise to the liability of defendants to Forest Oil Corporation occurred on a fixed platform within the territorial waters of Louisiana and the Eastern District of Louisiana.

## IV.  FACTS COMMON TO ALL COUNTS

7.    Terry Hudson, a former employee of Coastal Production Services of Rockport, Texas, Inc., filed a lawsuit against Forest Oil Corporation for personal injuries he allegedly received on or about August 11, 2001 while working on a Forest Oil Corporation fixed production facility located in the Saturday Island Field in the inland waters of the State of Louisiana and, within the Eastern District of Louisiana.  That lawsuit was filed in this Honorable Court bearing Civil Action No: 02-2225.

-2-

8.     At the time of Mr. Hudson's alleged accident, he was a payroll employee of Coastal Production Services of Rockport, Texas, Inc..

9.     At the time of the alleged accident made the object of Hudson's original Complaint, Hudson had been supplied by Coastal and was performing work for Forest Oil pursuant to a July 2, 1991 contract between Forest Oil and Coastal.

10.     The Coastal/Forest contract obliged Coastal to defend, indemnify and hold harmless Forest from any claims brought by Coastal employees such as Mr. Hudson.

11.     The Coastal/Forest contract also obliged Coastal to have its contractual indemnity obligations to Forest fully insured by its general liability carrier, and also to have Forest named as an additional assured with subrogation waived on its general liability policies.

12.     At all times pertinent hereto, Gemini was the general liability carrier for Coastal.

13.     The Coastal/Forest contract also obliged Coastal to have in place workers compensation coverage covering both state and federal workers compensation schemes, and naming Forest as an "alternate employer" on its policies of workers compensation insurance.

14.     At all pertinent times hereto, Ace Indemnity Insurance Company is and has been the workers compensation carrier for Coastal, and its policy No. C43146233 contains an alternate employer endorsement favoring Forest.

15.     In the course of the original litigation involving Terry Hudson, aforementioned, Hudson's claim in liability against Forest was dismissed on the basis that Mr. Hudson was found to have been the "borrowed employee" of Forest.

16.     Following the finding by this Honorable Court that Hudson was a "borrowed employee" of Forest, Hudson made demand upon Forest for payment of workers compensation benefits.

17.     Pursuant to the contract and policies of insurance aforementioned, following Mr. Hudson's demand for workers compensation insurance from Forest, Forest, in turn, made amicable demand upon Coastal, Ace and Gemini to defend, hold harmless and indemnify Forest from Mr. Hudson's claim for workers compensation benefits, all to no avail.

18.     Forest again makes formal demand and hereby tenders to defendants its defense of Hudson's workers compensation claim and any payments which may be due to Hudson by Forest, all in accordance with the contract and insurance policies aforementioned.

## COUNT ONE: INSURANCE COVERAGE AND INDEMNITY

19.     All previous allegations are incorporated herein.

20.     By virtue of the aforesaid contracts and pertinent insurance policies, Ace, Coastal, and Gemini must defend, hold harmless, indemnify, and protect Forest from any loss, expense, or claim brought by Hudson for workers compensation benefits.

21.     Forest is an additional assured/alternate employer/and/or named insured under the pertinent Ace insurance policy.

22.     Ace, Coastal and Gemini are liable to reimburse Forest for all attorneys fees, costs, disbursements and expenses incurred, as well as any statutory penalties and interest; and, if Forest pays or is held liable to the plaintiff for workers compensation benefits, for the full amount of any such benefits.

## COUNT II: REIMBURSEMENT UNDER *MELOY V. CONOCO*

23.     All previous allegations are incorporated herein.

-4-

24.    Pursuant to  the decision of *Meloy v. Conoco*, 504 So.2d 833 (La.1987),
defendants are liable unto Forest to reimburse Forest for all costs, attorneys fees and
expenditures incurred in defense of the original liability action Terry Hudson brought against
Forest Oil Corporation.

WHEREFORE, Forest Oil Corporation prays that process in the manner prescribed by
law issued against defendants, summoning them to appear and answer under oath, all and
singular, the matters set forth herein and, after due proceedings be had, there be judgment in
favor of Forest and against defendants jointly and *in solido*, for all attorneys fees, costs,
disbursements and expenses incurred by Forest, as well as statutory penalties and interest, and, in
the event Forest pays or is cast in liability to pay workers compensation benefits to Terry
Hudson, for the full amount of any such benefits as well, and for all other and further relief as the
Court shall deem equitable and just, including prejudgment interest, said damages prayed for
herein exceeding the jurisdictional minimum under Title 28 United States Code section 1332.

NEW ORLEANS, LOUISIANA this 13 day of February, 2004.

Respectfully submitted:

RICHARD A. COZAD, T.A. (#4537)
MICHAEL L. McALPINE, (#9195)
JOHN R. FITZGERALD (#16916)
ALINA PAGANI (#26455)
McALPINE & COZAD
701 S. Peters Street Suite 300
New Orleans, LA 70130
Phone: (504) 561-0323
Fax: (504) 528-9442
Attorneys for Forest Oil

74208

-5-